IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3152-D

| | | |
|---|---|---|
| DOUGLAS G. WHITFIELD,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NASH COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

On August 26, 2010, Douglas Gene Whitfield ("Whitfield" or "plaintiff"), a pretrial detainee[2] proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 naming "Nash County Jail" as the sole defendant [D.E. 1]. On the same date, Whitfield filed a substantially identical complaint in Whitfield v. Jenkins, No. 5:10-CT-3151-D (E.D.N.C.), naming different defendants. Whitfield seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On October 25, 2010, Whitfield filed a corrected motion for amercement [D.E. 9].[3] On December 16, 2010, Whitfield filed a motion to appoint counsel [D.E. 10]. On January 12, 2011, Whitfield filed a motion for default

---

[1] To the extent that Whitfield attempts to assert any claims on behalf of any other individual, see Compl., Attachs. at 7–8 (statements of other inmates), plaintiff is not a lawyer and may not assert any claim on behalf of another prisoner. See Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

[2] Whitfield alleges that he has been "accused of many crimes, and . . . forced by the Nash County DA to plea to charges," Compl., Attachs. at 1, but it does not yet appear that his conviction is final.

[3] The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

judgment [D.E. 11]. On February 14, 2011, Whitfield filed a motion to amend his complaint [D.E. 12].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g.,

2

Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

In this action, Whitfield names the Nash County Jail as defendant.[4] A jail "is not a 'person' and is therefore not amenable to suit under § 1983." Preval v. Reno 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); see Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Thus, the court dismisses this action as frivolous.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A, and DENIES AS MOOT Whitfield's motions [D.E. 9–12]. The Clerk of Court is directed to close the case.

SO ORDERED. This  7  day of July 2011.

JAMES C. DEVER III
United States District Judge

---

[4] To the extent that Whitfield seeks to amend this action to add any other defendant, he filed the identical motion in Whitfield v. Jenkins, 5:10-CT-3151-D [D.E. 9] (E.D.N.C.).

3